IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| VS. | ) CASE NO. 02:07cr95 |
| | ) |
| TERRANCE DEANDRE CAFFEY | ) |

**MOTION TO SUPPRESS**

Comes now Defendant Terrance Deandre Caffey, by and through counsel, and shows as follows:

**Issues Presented**

1. This motion to suppress relates to a February 2, 2007, search of an automobile driven by Defendant Terrance Deandre Caffey on U.S. Highway 231 in Montgomery, Alabama, statements of Defendant Terrance Deandre Caffey, a subsequent search or searches of a storage unit rented by Defendant Terrance Deandre Caffey, and February 7, 2007, searches of 3206 Montwood Drive, Montgomery, Alabama and 1220 Marlowe Drive, Montgomery, Alabama.

2. This motion involves the following issues:

   a. Whether the February 2, 2007, stop of an automobile driven by Defendant Terrance Deandre Caffey on U.S. Highway 231 in Montgomery, Alabama was violative of the Fourth Amendment to the United States Constitution.

   b. Whether a February 2, 2007, search of the automobile driven by Defendant Terrance Deandre Caffey on U.S. Highway 231 was a fruit of the aforementioned stop.

   c. Whether a February 2, 2007, search of the automobile driven by Defendant Terrance Deandre Caffey on U.S. Highway 231 in Montgomery, Alabama was violative of the Fourth Amendment to the United States Constitution.

1

c. Whether subsequent statements made by Defendant Terrance Deandre Caffey were fruits of the aforementioned stop and search.

d. Whether a subsequent search or searches on February 2, 2007 of a commercial storage unit rented by Defendant Terrance Deandre Caffey was a fruit or were fruits of the aforementioned stop and search.

e. Whether a subsequent search or searches on February 2, 2007 of a commercial storage unit rented by Defendant Terrance Deandre Caffey was or were violative of the Fourth Amendment to the United States Constitution.

f. Whether February 7, 2007 searches of 3206 Montwood Drive, Montgomery, Alabama and 1220 Marlowe Drive, Montgomery, Alabama were fruits of the aforementioned stop, searches and statements.

**Factual Background and Incorporated Memorandum of Law**

3. On February 2, 2007, Defendant Terrance Deandre Caffey was driving a Nissan automobile on U.S. Highway 231 in Montgomery County, Alabama.

4. Around 6:30 p.m. on that date, Defendant Terrance Deandre Caffey was stopped by officers of the police department of the City of Montgomery, Alabama.

5. Neither of the police officers had knowledge of facts and circumstances based upon reasonably trustworthy information to warrant a reasonable believe that Defendant Terrance Deandre Caffey had violated a rule of the road or committed some other crime.

6. Officers of the Montgomery police department, who had no search warrant, searched the automobile and seized incriminating evidence.

7. After the stop, Defendant Terrance Deandre Caffey was placed in the back seat of a police department patrol unit. While in the back seat of the patrol unit, Defendant Terrance Deandre Caffey made statements which the government contends are incriminating.

8. Thereafter, Defendant Terrance Deandre Caffey was taken to an office of the police department of the City of Montgomery, Alabama. While there, Defendant Terrance Deandre Caffey was interrogated by officers of the police department of the City of Montgomery, Alabama. In response to that interrogation, Defendant Terrance Deandre Caffey made statements which can be construed as incriminating.

9. At some time after Defendant Terrance Deandre Caffey was stopped, officers of the police department of the City of Montgomery searched a commercial storage unit rented by Defendant Terrance Deandre Caffey. This search was conducted without a search warrant having been properly issued. At some point, a search warrant was procured from a municipal magistrate by officers of the Montgomery police department. A copy of that warrant (Attachment 1) and a copy of the accompanying affidavit (Attachment 2) are attached.

10. Defendant Terrance Deandre Caffey was arrested and incarcerated at the Montgomery County Detention Facility. Law enforcement officials recorded telephone calls made by Terrance Deandre Caffey from the Montgomery County Detention Facility. Based upon statements made in those telephone calls, on February 7, 2007, officers of the police department of the City of Montgomery, Alabama obtained search warrants for 3206 Montwood Drive, Montgomery, Alabama and 1220 Marlowe Drive, Montgomery, Alabama. Upon executing those search warrants, officers of the police department of the City of Montgomery, Alabama seized evidence which can be construed as incriminating.

11. "The Fourth Amendment to the United States Constitution protects the right of persons to be free from unreasonable searches and seizures. U.S. Const. Amend. IV. A seizure takes place 'whenever a police officer accosts an individual and restrains his freedom to walk away.' United States v. Brignono-Ponce, 422 U.S. 873, 878, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). Traffic stops qualify as seizures under the Fourth Amendment. Delaware v. Pruose, 440 U.S. 648, 653 … (1979)." United States v. Perkins, 348 F.3d 965, 969 (11th Cir. 2003)(hereinafter "Perkins").

12. Warrantless searches "are per se unreasonable under the Fourth Amendment subject to a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967). Whether or not a warrant is issued, probable cause is generally required for a search. Carroll v. United States, 267 U.S. 132, 155-156 (1925). Probable cause has been defined as "a fair probability that contraband or evidence of a crime will be found in a particular place." Beck v. Ohio, 379 U.S. 89, 91 (1964).

13. A search warrant is to be issued only if there is probable cause to believe that contraband or evidence of a crime will be found on the premises to be searched. Carroll v. United States, 267 U.S. 132, 155-156 (1925). Evidence presented in support of an application for a search warrant must provide the issuing authority with a "substantial basis" for determining the existence of probable cause. Illinois v. Gates, 462 U.S. 213, 238-239 (1983). The affidavit submitted must contain sufficient facts and circumstances to enable the issuing authority to make an independent evaluation of probable cause. United States v. Ventresca, 380 U.S. 102 (1965).

14. Pursuant to Terry v. Ohio, 392 U.S. 1 (1968), a police officer may conduct a brief investigatory stop of a person if the officer has a reasonable suspicion supported by "specific and articulable facts" that the individual is, or is about to be involved in criminal activity.

15. However, an 'inchoate and unparticularized suspicion' or 'hunch' of criminal activity" is not enough to satisfy the minimum level of objectivity required. Wardlow, 528 U.S. at 124 (quoting Terry, 392 U.S. at 27).

16. Here, there was no probable cause for the initial stop.

17. Further, the circumstances in this case did not give rise to the requisite reasonable suspicion supported by "specific and articulable facts" that Defendant Terrance DeAndre Caffey was, or was about to be involved in criminal activity so as to justify the initial stop.

18. The search of the automobile driven by Defendant Terrance Deandre Caffey was a fruit of the aforementioned stop.

19. There was no probable cause or other legally sufficient reason justifying the search of Defendant Terrance Deandre Caffey's automobile without a warrant.

20. The statements made by Defendant Terrance Deandre Caffey while he was in the patrol unit, in response to interrogation, and on the telephone at the Montgomery County Detention Facility were all fruits of the aforementioned stop, search and seizure.

21. The subsequent search or searches of the commercial storage unit rented by Defendant Terrance Deandre Caffey was a fruit or were fruits of the aforementioned stop and search of the automobile driven by Defendant Terrance Deandre Caffey

22. The initial search of the commercial storage unit rented by Defendant Terrance Deandre Caffey was done prior to the proper issuance of a search warrant.

23. There was no legal justification for the initial search of the commercial storage unit rented by Defendant Terrance Deandre Caffey without a properly issued warrant.

24. Further, the affidavit submitted to procure search warrant eventually issued with respect to the storage unit rented by Defendant Terrance Deandre Caffey did not set forth

sufficient facts to support a conclusion that there was probable cause to believe that contraband or evidence of a crime will be found in the storage unit.

25. The searches of 3206 Montwood Drive, Montgomery, Alabama and 1220 Marlowe Drive, Montgomery, Alabama were fruits of the aforementioned stop, searches, and statements.

26. Thus, all evidence obtained from searches in this case and all statements made by Defendant Terrance Deandre Caffey in this case are inadmissible under the exclusionary rule as violative of the Fourth Amendment.

WHEREFORE, Defendant Terrance Deandre Caffey moves this Court to set this motion for a hearing, and upon hearing evidence and arguments, to enter an order suppressing the fruits of the searches and statements complained of herein.

**s/ Thomas M. Goggans**
Ala. State Bar No. 2222-S45-T
2030 East Second Street
Montgomery AL 36106
PH: 334.834.2511
FX: 334.834.2512
e-mail: tgoggans@tgoggans.com

Attorney for Defendant
Terrance Deandre Caffey

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| VS. | ) CASE NO. 2:07cr95-WHA |
| | ) |
| TERRANCE DANDRE CAFFEY | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this the 14th day of June, 2007, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such to the following: **Leura G. Canary, John T. Harmon, Christa D. Deegan**

<u>s/ Thomas M. Goggans</u>
Ala.  State Bar No. 2222-S45-T
2030 East Second Street
Montgomery AL 36106
PH: 334.834.2511
FX: 334.834.2512
e-mail: tgoggans@tgoggans.com

Attorney for Defendant
Terrance Deandre Caffey

7

ATTACHMENT 1

# SEARCH WARRANT

STATE OF ALABAMA        )        ANYTIME SEARCH WARRANT
                       )
COUNTY OF MONTGOMERY )        "KNOCK AND ANNOUNCE"
                       )
CITY OF MONTGOMERY     )


TO ANY SHERIFF, DEPUTY, AND/OR MUNICIPAL OFFICER OR CHIEF OF POLICE:

Proof of affidavits, which are attached hereto and incorporated by reference, having been made this day before me, by <u>Corporal T.D. James #1170, of the Special Operations Division, Narcotics Bureau, with the Montgomery Police Department</u>. You are hereby commanded to make immediate search of:

<u>THE BUISNESS STORAGE DEPOT BIN #1002, LOCATED AT 4176 TROY HIGHWAY MONTGOMERY, ALABAMA,</u>

For the following property <u>Cocaine, Marijuana and any other controlled substances, U.S. Currency, records of drug sales, drug paraphernalia, computers, items described within this affidavit, items listed in Attachment I.</u>

And if you find the same or any part thereof, to bring it forthwith before me, at my office at Municipal Court, Montgomery County, Alabama; or if the said warrant is issued for violation of a State law return the same to any State Court.

Dated this __2nd__ day of __February__, 2007.

*Magistrate* ~~JUDGE~~, MUNICIPAL COURT
CITY OF MONTGOMERY
MONTGOMERY COUNTY
MONTGOMERY, ALABAMA

- 1 -

ATTACHMENT 2

| | |
|---|---|
| STATE OF ALABAMA ) | AFFIDAVIT IN SUPPORT OF A |
| ) | |
| COUNTY OF MONTGOMERY ) | ANYTIME SEARCH WARRANT |
| ) | |
| CITY OF MONTGOMERY ) | "KNOCK" |

BEFORE ME, THE HONORABLE _Angela Williams Baunes_, Magistrate ~~JUDGE~~ OF THE MUNICIPAL COURT OF THE CITY OF MONTGOMERY, MONTGOMERY, ALABAMA, THE UNDERSIGNED, CORPORAL T.D. JAMES#1170, PERSONALLY APPEARED AND STATED THAT HE IS A DETECTIVE WITH AND FOR THE SPECIAL OPERATIONS DIVISION, NARCOTICS BUREAU OF THE MONTGOMERY POLICE DEPARTMENT, MONTGOMERY, ALABAMA AND HE HAS REASON TO BELIEVE THAT MARIJUANA, A CONTROLLED SUBSTANCE IS BEING STORED AT THE BUISNESS STORAGE DEPOT BIN #1002, LOCATED AT 4176 TROY HIGHWAY MONTGOMERY, ALABAMA.

THIS IS IN VIOLATION OF THE CODE OF ALABAMA, 1975, SECTION 13A-12-212. THE FACTS TENDING TO ESTABLISH THE FOREGOING GROUNDS FOR ISSUANCE OF AN ANYTIME, "KNOCK AND ANNOUNCE", SEARCH WARRANT ARE AS FOLLOWS:

PROBABLE CAUSE BEING THAT ON FEBRUARY 2, 2007, UNIT 218 (JACKS/ AIKEN) WHILE CONDUCTING SURVEILLANCE AT THE STORGAE DEPOT, DUE TO RECENT BURGLARIES OBSERVED A SILVER NISSAN ALTIMA ENTER THE STORAGE FACILITY AND PARK IN FRONT OF BIN# 1002. A B/M SUBJECT LATER IDENTIFEIED AS TERRANCE CAFFEY EXITED THE VEHICLE AND WENT INTO BIN# 1002. APPROXIMATELY TEN MINUTES LATER CAFFEY EXITED THE BIN CONCEALING AN UNKNOWN OBJECT UNDER HIS ARM. CAFFEY THEN GOT BACK INTO THE VEHICLE AND LEFT THE STORAGE DEPOT. PQF. AIKEN AND JACKS ATTEMPTED TO INITIATE TRAFFIC STOP ON CAFFEY'S VEHICLE AFTER HE COMMITED A TRAFFIC VIOLATION. POF. AIKEN OBSERVED CAFFEY LEAN TOWARDS THE PASSNEGER'S SIDE SEAT WITH HIS RIGHT

HAND AND APPEARED TO BE STUFFING SOMETHING UNDER THE SEAT. CAFFEY CONTINUE TO DRIVE FOR APPROXIMATELY 100 YARDS BEFORE HE PULLING OVER. POF. AIKEN UPON APPROACHING THE VEHICLE AND MAKING CONTACT WITH CAFFEY COULD SMELL A STRONG ODOR OF A SUBSTANCE BELIEVED TO BE MARIJUANA EMITTING FROM THE VEHICLE. POF. AIKEN NOTICED THAT CAFFEY APPAERED VERY NERVOUS. CAFFEY WAS ASKED TO EXIT THE VEHICLE FOR OFFICER SAFETY. POF. AIKEN WHILE CONDUCTING A WING SPAN SEARCH OF THE VEHICLE, LOCATED A GALLON SIZE ZIP LOCK BAG CONTAINING A GREEN LEAFY SUBSTANCE UNDER THE PASSENGER'S SEAT. CAFFEY WAS PLACED INTO CUSTODY AND TRANSPORTED TO SPECIAL OPEARTIONS.

FURTHER PROBABLE CAUSE BEING THAT IN DECEMBER, 2006 CAFFEY WAS CONVICTED OF TRAFFICKING IN ILLGAL DRUGS.
ON 1-30-1997, CAFFEY WAS CONVICTED OF UNLAWFUL POSSESSION OF MARIJUANA 2ND.
ON 10-02-1998, CAFFEY WAS ARRESTED FOR TRAFFICKING IN MARIJUANA.
ON 01-05-2004, CAFFEY WAS ARRESTED FOR THE SELL OF MARIJUANA.
ON 07-19-2005, CAFFEY WAS ARRESTED FOR TRAFFICKING IN CANNIBAS.

THE FOREGOING IS BASED ON THE PERSONAL KNOWLEDGE OF THIS AFFIANT, OTHER MEMBERS OF THE NARCOTICS BUREAU AND FACTS OBTAINED BY THE MONTGOMERY POLICE DEPARTMENT NARCOTICS AND INTELLIGENCE BUREAU, MONTGOMERY, ALABAMA, AND IS MADE FOR THE PURPOSE OF SECURING AN ANYTIME, "KNOCK AND ANNOUCE", SEARCH WARRANT FOR THE BUISNESS STORAGE DEPOT BIN #1002, LOCATED AT 4176 TROY HIGHWAY MONTGOMERY, ALABAMA. THE SEARCH WARRANT IS FOR MARIJUANA, AND ANY OTHER CONTROLLED SUBSTANCES, TO INCLUDE: DRUG PARAPHERNALIA, RECORDS OF DRUG TRANSACTIONS, DRUG

BUY MONIES, WEAPONS AND ANY ITEMS LISTED IN ATTACHMENT I: ALSO TO INCLUDE ANY PERSONS LOCATED AT THE RESIDENCE AND ALL COMMON AREAS, OUTBUILDINGS, AND VEHICLES LOCATED WITHIN THE CURTILAGE THERE OF.

SWORN TO AND SUBSCRIBED BEFORE ME THIS ___2ND___ DAY OF __FEBRUARY__, 2007.

_____
CPL. T. D. James #1170
SPECIAL OPERATIONS DIVISION
NARCOTICS AND INTELLIGENCE BUREAU
MONTGOMERY POLICE DEPARTMENT
MONTGOMERY, ALABAMA

_____
MUNICIPAL ~~JUDGE~~ Magistrate
MUNICIPAL COURT
CITY OF MONTGOMERY
MONTGOMERY, ALABAMA
TIME SIGNED: 9:55 p.m.

## Attachment

1. Books, records, receipts, notes, ledgers, and other papers relating to the transportation, ordering purchase and distribution of controlled substances.

2. Papers, tickets, notes, schedules, receipts, and other items relating to domestic and international travel.

3. Books, records, receipts, bank statements and records, money drafts, letters of credit, money order and cashier's checks, receipts, pass books, bank checks, safe deposit box keys, and other items evidence of the obtaining, secreting, transfer, concealment and/or the expenditure of money.

4. United States currency, precious metals, jewelry, and financial instruments, including stocks and bonds in amounts indicative of the proceeds of illegal drug trafficking.

5. Photographs, in particular, photographs of co-conspirators, of assets and/or controlled substances.

6. Receipts for items evidencing the expenditure of the proceeds of drug distribution, including, but not limited to, clothing, furniture and electronic equipment.

7. Paraphernalia for packaging, cutting, weighing and distributing controlled substances, including, but not limited to, scales, baggies, spoons, walkie-talkies, CB's, night vision devices, police scanners, binoculars and parabolic microphones.

8. Indicia of occupancy, residency, and/or ownership of the premises, including, but not limited to, utility and telephone bills, keys and cancelled envelopes.

9. Firearms.