IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| VS. | ) CASE NO. 2:07cr95-WHA |
| | ) |
| TERRANCE DEANDRE CAFFEY | ) |

**DEFENDANT TERRANCE DEANDRE CAFFEY'S
SENTENCING MEMORANDUM**

Sentencing is not a one step process. "As explained in Rita [v. United States, 551 U.S. ___, ___ (2007)] and Gall [v. United States, 551 U.S. ___ (2007)], district courts must treat Guidelines as the 'starting point and the initial benchmark,' Gall v. United States, ante, at 11." Kimbrough v. United States, 552 U.S. ___, ___ (slip op. at 20)(2007). As "explained in Rita, a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. See 551 U.S., at ___ … [T]he district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." Gall v. United States, 552 U.S. ___ (slip op. at 11)(2007).

The United States Sentencing Commission has modified the scheme for determining the base offense level in offenses involving cocaine base and other controlled substances. See U.S.S.G. § 2D1.1 cmt. 10(D) (2007). The first step is the determination of the base offense level for the quantity of cocaine base involved in the case. An assigned marijuana equivalency for the cocaine base level

1

is set forth in a table. See U.S.S.G. § 2D1.1 cmt. 10(D)(i)(II) (2007). That table is reproduced below:

| Base Offense Level | Marijuana Equivalency |
| --- | --- |
| 38 | 6.7 kg of marijuana per g of cocaine base |
| 36 | 6.7 kg of marijuana per g of cocaine base |
| 34 | 6 kg of marijuana per g of cocaine base |
| 32 | 6.7 kg of marijuana per g of cocaine base |
| 30 | 14 kg of marijuana per g of cocaine base |
| 28 | 11.4 kg of marijuana per g of cocaine base |
| 26 | 5 kg of marijuana per g of cocaine base |
| 24 | 16 kg of marijuana per g of cocaine base |
| 22 | 15 kg of marijuana per g of cocaine base |
| 20 | 13.3 kg of marijuana per g of cocaine base |
| 18 | 10 kg of marijuana per g of cocaine base |
| 16 | 10 kg of marijuana per g of cocaine base |
| 14 | 10 kg of marijuana per g of cocaine base |
| 12 | 10 kg of marijuana per g of cocaine base |

The second step is the determination of the combined marijuana equivalency for the other controlled substances involved in the offense by converting each to a "marijuana equivalent" under the regular Drug Equivalency Table, adding the quantities, and finding the corresponding offense level for the total quantity in the Drug Quantity Table. See U.S.S.G. § 2D1.1 cmt. 10(B). The third step is the addition of the "marijuana equivalencies" for all of the controlled substances together and finding the quantity in the Drug Quantity Table to obtain the combined base offense level.

In this case, the presentence report shows the Guidelines determination was made as follows:

      38.  <u>Base Offense Level</u>:  The guideline for violations of 21 U.S.C. § 841(a)(1), is found at U.S.S.G. § 2D1.1, <u>Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy</u>.  Pursuant to USSG § 2D1.1(c), the base offense level is that set forth in the drug quantity table.  For purposes of the guideline calculations, the cocaine and cocaine base are converted to their marijuana equivalencies, according to the <u>Drug Equivalency Tables</u>, found at U.S.S.G. § 2D1.1 and comment. (n.10).  This section provides that 185.74 grams of cocaine is equivalent to 37.15 kilograms of marijuana, 112 grams of cocaine base is equivalent to 1,568 kilograms of marijuana, and 10 pounds  plus 433 grams converts to 4.97 kilograms of marijuana.  Therefore, the defendant is accountable for 1,610.12 kilograms of marijuana.  Pursuant to USSG § 2D1.1(c)(4), at least 1,000 kilograms but less than 3,000 kilograms of marijuana provides a base offense level of 32.

      However, under 18 U.S.C. § 3553(a) and <u>Booker</u> and <u>Rita</u>, the Court need not follow the Guidelines' advisory calculation.  In view of the holdings of the Supreme Court in <u>United States v. Kimbrough</u>, 552 U.S. ___ (2007) and <u>United States v. Gall</u>, 552 U.S. ___ (2007), Defendant Caffey asserts that use of the conversion ratio of 14 is not reasonable.

      In <u>Kimbrough</u>, 552 U.S. ___, the Supreme Court held:

> We hold that, under <u>Booker</u>, the cocaine Guidelines, like all other Guidelines, are advisory only, and that the Court of Appeals erred in holding the crack/powder disparity effectively mandatory.  A district judge must include the Guidelines range in the array of factors warranting consideration.  The judge may determine, however, that in the particular case, a within-Guidelines sentence is "greater than necessary" the serve the objectives of sentencing.  18 U.S.C. § 3553(a)(2000 ed. And Supp. V).  In making that determination, the judge may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses.

3

Kimbrough v. United States, 552 U.S. ____ (slip op. 2).

In United States v. Gall, 551 U.S. ___ (2007), the Supreme Court relieved district courts of the need to show "extraordinary" circumstances in order to fashion a just sentence:

> In reviewing the reasonableness of a sentence outside of the Guideline range, appellate courts may therefore take the degree of variance into account and consider the extent of a deviation from the Guidelines. We reject, however, an appellate rule that requires "extraordinary" circumstances to justify a sentence outside of the Guidelines range. We also reject the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence.

Gall v. United States, 551 U.S. ___ (slip op. 8).

In this case, Defendant Caffey asserts that use of a ratio of no more than 5 kilograms of marijuana per gram of cocaine base would be reasonable under 18 U.S.C. § 3553(a) . Using that conversion ratio, Defendant Caffey's base offense level 28. This would result in a suggested sentencing range of 100-125 months without adjustment for a downward departure under U.S.S.G. § 5K1.1.

            **s/ Thomas M. Goggans**
            Ala. S.J.I.S. GOG001
            2030 East Second Street
            Montgomery AL 36106
            PH: 334.834.2511
            FX: 334.834.2512

            Attorney for Defendant
            Terrance Deandre Caffey

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| VS. | ) CASE NO. 2:07cr95-WHA |
| | ) |
| TERRANCE DEANDRE CAFFEY | ) |

CERTIFICATE OF SERVICE

I hereby certify that I have on this the 25th day of February, 2008, electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of each of the following: A. Clark Morris, Tommie Brown Hardwick.

s/ Thomas M. Goggans
Ala. S.J.I.S. GOG001
2030 East Second Street
Montgomery AL 36106
PH: 334.834.2511
FX: 334.834.2512
e-mail: tgoggans@tgoggans.com

Attorney for Defendant
Terrance Deandre Caffey