IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

UNITED STATES OF AMERICA )
)
v )  CASE NO: 2:07CR95 – WHA 1
)
TERRANCE DEANDRE CAFFEY )

## MOTION TO CORRECT SENTENCE
## FOR CLEAR ERROR[1]

Comes now, the defendant in the above cause of action, pro-se, and hereby moves this Honorable court in a motion to correct an illegally imposed sentence for clear error, pursuant to *Rule 35 (a), of the Federal Rules of Criminal Procedures, and in support herein state the* following:

### (i) BACKGROUND

1. That on 14 June, 2007, the defendant moved this Honorable court for a motion to *suppress evidence obtained in an illegal search and seizure. (Doc. No. 15).*
2. That of 18 July, 2007, the United States (Government) caused a superseding indictment to be filed against the defendant in the Middle District of Alabama (Doc. No. 21).
3. That on 14 August, 2007, the defendant by and through his trial attorney (Thomas Goggans) entered into a verbal agreement in exchange for defendant's dismissal of his motion to suppress evidence. The agreement consist that the government would recommend at sentencing that the defendant receive a sentence between 63 and 78 months, and in return the defendant would move to dismiss motion to suppress. (See defendant Exhibit "A" in support herein).[2]
4. That on 14 August, 2007, the defendant moved this Honorable court in a motion to withdraw his motion to suppress (Doc. No. 46).
5. That on 5 December, 2007, the defendant plead guilty as to counts one, two, four, five, and six of the superseding indictment. (Doc. No. 78).
6. That on 1 January, 2008, the United States Probation Office submitted to this Honorable court it's presentence investigation report.[3]

---

[1] That the defendant's sentence of 168 months was imposed in violation of clearly established Federal Law, see Santobello V. New York, 404 U.S. 257 (1971).

[2] See; United States V. Williams, 444 F 3d at 1305 (noting that plea bargains are to be read in favor of the defendant); And is 333 F 3d at 890 (noting that where "a plea agreement is ambiguous, the ambiguities are construed against the government" (internal citations omitted); Bisson, 130 P. 3d 830 (stating that it "is axiomatic that due process requires courts to construe any ambiguity in a plea agreement against the government in accordance with the defendant's reasonable understanding of the agreement").

[3] The presentence investigation report, in accordance with the defendant and/or government's verbal agreement placed the defendant's guideline range between 63-78 months. See Defendant's Exhibit "B" in support herein).

-1-

7. That on 23 January, 2008, the defendant's attorney, (Thomas Goggans), in a written letter, verified that the defendant would receive a sentence range between 63 and 78 months.
8. That on 27 February, 2008, in breach of the stipulated plea agreement the government caused the defendant's guideline range to be increased upward, and sentenced him to 168 months.

### (ii) ARGUMENT

9. The defendant argues, herein, that the District Court imposed an illegal sentence *because the sentence was not in accord with the plea agreement.*
In Santobello V. New York, 404 U.S. 257, 92 S Ct. 495, 30 L. Ed 427 (1971), the Supreme Court noted two options available to a defendant who has not received the benefit of a plea bargain. The defendant can either (1) have the bargain specifically enforced, or (2) withdraw his plea of guilty. Id, at 263, 92 S. Ct. at 499. Since Santobello, the rule is that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Id at 262, 92 S. Ct. at 499. This principle is based upon the due process clause and the recognition that to be valid, a guilty plea must be knowing, voluntary, and intelligent. Mabry V. Johnson, 467 U.S. 504, 508-09, 104 S. Ct. 2543, 2546, 2546-47, 81 L Ed. 2d 437 (1984); Boykin V. Alabama, 395 U.S. 238, 242, 89 S. Ct. 1709, 1711-12, 23 L Ed. 2d 274 (1969). Thus when either the Prosecution breaches a plea agreement that is agreed to abide by, the defendant is entitled to relief. Mabry, 467 U.S. at 509, 104 S. Ct. 2547; United States V. Williams, 444 F. 3d 1286, 1305 (11th Cir. 2006).
10. That once a defendant enters a guilty plea and the plea is accepted by the court, due process requires the plea bargain be honored. Santobello 404 U.S. at 262,, 92 S. Ct. at 499; Williams, 444 F 3d at 1305 (noting that plea bargains are to be read in favor of the defendant).

### (iii) RELIEF SOUGHT

11. In this case, the defendant did not get that for which he bargained for. Relief is either enforcement of the agreement or withdrawal of the plea, depending on the circumstances in each case. Defendant does not wish to withdraw his guilty plea; he is entitled to specific performance of his plea agreement. His agreement with the government specified a term of 63 to 78 months if it fell within the sentencing guidelines, and the trial court specifically told him that "you could receive five-to-forty-years." The agreed upon sentence did fall within the sentencing guidelines, (63 and 78 months). The defendant is therefore entitled to specific performance of his agreement.[4]

---

[4]That the court's failure to address defendant's claim would result in a "fundamental miscarriage of Justice." Murray V. Carrier, 477 U.S. 478, 496 (1986).

Dated: this 4th day of March, 2008

                                                      Respectfully Submitted,[5]

                                                     */s/ Terrance D. Caffey*
                                                     Terrance DeAndre Caffey

---

[5] Sign under the penalty of perjury, pursuant to Title 28 U.S.C. Section 1746.

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2008 I did serve a copy of the foregoing on the following:

Assistant U.S. Attorney
A. Clark Morris
131 Clayton Street
Montgomery, AL 36104

Defense Counsel
Thomas Goggans
2030 East Second Street
Montgomery, AL 36106

and that I hand delivered the foregoing to the prison guards, to be mailed, on March 4, 2008, pursuant to Houston V. Lack 487 U.S. 266 (1988). (Prison mail-Box Rule).

Terrance DeAndre Caffey

Exhibit "A"

# THOMAS M. GOGGANS
ATTORNEY AT LAW

2030 EAST SECOND STREET
MONTGOMERY, ALABAMA 36106

TELEPHONE: 334.834.2511
FACSIMILE: 334.834.2512

January 23, 2008

Mr. Terrance Caffey
City Jail
P.O. Box 159
Montgomery AL 36101

RE: United States of America v. Terrance Caffey
United States District Court
Middle District of Alabama
Case No. 2:07cr95

Dear Mr. Caffey:

For your review, I am enclosing a copy of the draft presentence report in your above referenced case. Without factoring in the government's motion for a downward departure based upon substantial assistance, the presentence report places your guideline range between 63 and 78 months. I will be reviewing this draft report and meeting with you late next week to discuss it.

Sincerely,

Thomas M. Goggans