IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) CR. NO. 2:07cr095-WHA-001 |
| | )         (WO) |
| TERRANCE DEANDRE CAFFEY | ) |

**ORDER**

This case is before the court on the Motion to Correct Sentence for Clear Error (Doc. #105), filed by the Defendant, pro se.

The basis of this motion is the Defendant's contention that he had a verbal agreement with the Government that placed his guideline range between 63 - 78 months. In support of this contention, the Defendant attached copies of a January 10, 2008 draft Presentence Investigation Report and a letter from his attorney dated January 23, 2008, forwarding a copy of the draft and noting that it placed the Defendant's guideline range between 63 - 78 months. Having investigated this matter, the court finds as follows:

The Defendant, with the advice of very experienced and competent counsel, Tommy Goggans, signed a plea agreement on December 5, 2007 (Doc. #77). This did not include any agreement as to the range of the advisory guidelines. In fact, the Defendant acknowledged on page 4 that "the sentence and the sentencing guidelines, if any, applicable to Defendant's case will be determined solely by the Court, with the assistance of the United States Probation Office." Paragraph 6 of the agreement, on pages 13 and 14, then stated:

> 6. The Defendant understands that the U. S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the Defendant's conduct related to the offense to which the plea is offered, as well as the Defendant's

    criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by Defendant's counsel or the U. S. Attorney.

  The Presentence Investigation Report, attached as Exhibit B to Defendant's motion, dated January 10, 2008, was stamped in large capital letters at the top right of the first page, "DRAFT." The letter from Mr. Goggans, attached to the motion as Exhibit A, also stated that what he was forwarding to the Defendant was a copy of the "draft presentence report," and that he would meet with the Defendant to discuss the "draft report."

  The January 10, 2008 draft presentence report, to which the Defendant refers, contained two significant errors. First, it incorrectly showed the Defendant's criminal history category to be I, when the criminal history category was actually IV. Further, it showed the guideline range of imprisonment for a total offense level of 31 and a criminal history category of I to be 63 - 78 months, rather than the correct range of 108 - 135, shown in the Sentencing Table for offense level 31, criminal history I.

  A revised presentence report was issued on February 7, 2008, which correctly showed the Defendant's criminal history category to be IV and the guideline range of imprisonment for a total offense level 31 and criminal history category IV to be 151 - 188 months. An addendum to the final presentence report showed that there were no objections to the presentence report by either the Government or the Defendant.

  Sentencing was held on February 27, 2008. At the beginning of the hearing, the Defendant, after being placed under oath, answered affirmatively that he had reviewed the presentence report, including any revisions that may have been made after the initial disclosures. When asked if there were any objections to the report, defense counsel stated that there were no objections to "the report itself and its calculations under the guidelines . . ." but referred to a

Sentencing Memorandum which he had filed arguing that the conversion ratio used in the guidelines would not be a reasonable benchmark for the court to use in determining reasonableness of a sentence.  After hearing from a witness for the Defendant and argument of counsel, the court made specific findings that the offense level was 31, the criminal history was IV, and the guideline range was from 151 months to 188 months.  The court then considered and granted the motion by the Government for a one-level downward departure for substantial assistance, and reduced the total offense level to 30, creating an advisory guideline range of 135 - 168 months.  The court then heard argument from defense counsel concerning reasonableness of a sentence after considering conversion ratios.  The Defendant then addressed the court at length, and very articulately, regarding the circumstances of his life, his deep regret to his family and friends, and his assurances that, if given leniency, he would never be in trouble again.  The Defendant never mentioned any verbal agreement with the Government different from his written plea agreement or any disagreement with the advisory guidelines computations contained in the revised presentence report.  The court then announced the sentence intended to be imposed, which included imprisonment for 168 months, and explained the several reasons for doing so.  When given an opportunity to object before imposition of a sentence, defense counsel merely renewed the earlier objection to reasonableness of the guidelines.

      Therefore, for the reasons stated above, the court finds that there has been no breach of any plea agreement between the Defendant and the Government, and it is hereby

      ORDERED that the Motion to Correct Sentence for Clear Error is DENIED.

      DONE this 28th day of March, 2008.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE